UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN BIGOSKI ODOM,<br><br>　　　　Petitioner,<br><br>　v.<br><br>D.G. ADAMS,<br><br>　　　　Respondent. | No. 2:17-cv-0233 JAM AC P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By order filed June 16, 2017, respondent was given sixty days to respond to the petition. ECF No. 7. Respondent has not yet filed his response and petitioner now moves for a stay and abeyance under <u>Rhines v. Weber</u>, 544 U.S. 269 (2005). ECF No. 11. In her motion for stay, petitioner states that she "has newly discovered evidence that needs to be amended into the complaint but isn't exhausted in the lower courts." <u>Id.</u> at 1. She also alleges ineffective assistance of counsel, though it is unclear whether these allegations are the unexhausted claims she seeks to add to the petition or simply part of the justification for her motion. <u>Id.</u> at 1-2.

A stay under <u>Rhines</u> allows a petitioner to stay a mixed petition. In other words, a petitioner can stay a petition containing both exhausted and unexhausted claims and preserve the federal filing date for the unexhausted claims. In order to obtain a stay under <u>Rhines</u>, the

1

petitioner must show that (1) good cause exists for her failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) there has been no indication that petitioner has intentionally delayed pursuing the litigation. Rhines, at 544 U.S. at 277-78.

Alternatively, a petitioner may seek to stay an exhausted-claims-only petition pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing three-step procedure of Kelly). Under the Kelly procedure, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. Id. (citing Kelly, 315 F.3d at 1070-71). The procedure under a Kelly stay is as follows: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his [federal] petition" to reincorporate the newly exhausted claims. Id. The Kelly stay-and-abeyance procedure has no requirement of a good cause showing or that the claims are potentially meritorious. However, using the Kelly procedure means that any newly-exhausted claims later added to the federal petition by amendment must relate back to the claims in the stayed petition. In other words, "the Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." Id. at 1141.

Petitioner has indicated that all claims contained in the current petition have been presented to the California Supreme Court. ECF No. 1 at 12. Because it appears that the current petition is fully exhausted, petitioner cannot obtain a stay under Rhines and the motion will be denied. However, the denial will be without prejudice and petitioner must decide how she would like to proceed. Petitioner is advised that she does not require and should not wait for an order from this court to exhaust her claims in state court and she should pursue them in state court without delay.

Petitioner's first option is to file a motion for a stay under Kelly. Because the petition is already fully exhausted, petitioner need only request a stay to allow her to return to state court to

2

exhaust her new claims. Once those claims have been exhausted, she will need to file a motion in this court asking to amend the petition to add in the newly exhausted claims. A stay under Kelly does not provide any protection from untimeliness for the unexhausted claims while petitioner is in state court.

Petitioner's second option is to file a motion to amend the petition that includes a copy of the proposed amended petition. At the same time, she must file a motion for a stay under Rhines. The motion for stay must (1) provide a good reason why petitioner did not exhaust her claims in state court before filing them in this court, (2) show that the unexhausted claim or claims potentially have merit, and (3) show that she has not intentionally delayed in bringing the unexhausted claims. Rhines, 544 U.S. at 277-78. If the motions to amend and to stay are granted, then the entire petition will be stayed while petitioner returns to state court to exhaust her new claims. Once the claims have been exhausted, she will notify this court and the case will proceed on the amended petition and the originally unexhausted claims will have their initial filing date preserved. The court does not guarantee that petitioner's claims will be timely even if she is granted a stay under Rhines.

Finally, petitioner may proceed on the current, fully exhausted petition without a stay. In the event petitioner chooses to proceed on an exhausted-claims-only petition without a stay, she is cautioned that any future attempt to amend the petition to add newly-exhausted claims might face challenges based on timeliness, the limitations applicable to second or successive petitions, and/or other procedural hurdles, depending on the circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's deadline to respond to the petition is vacated and will be reset at a later date.

2. Petitioner's motion for stay (ECF No. 11) is denied without prejudice.

3. Within thirty days of service of this order, petitioner must do one of the following:

    a. File a motion for a stay under Kelly;

////

////

      b. File a motion to amend the petition to add in the unexhausted claims with a copy of the proposed amended petition attached and file a motion for a stay under <u>Rhines</u>; or

      c. File a notice stating that she wants to proceed on the current petition without a stay.

4. If petitioner does not take any action, the case will proceed on the original petition without a stay.

DATED: August 8, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE