UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN BIGOSKI ODOM,<br><br>    Petitioner,<br><br>  v.<br><br>D.G. ADAMS,<br><br>    Respondent. | No. 2:17-cv-0233 JAM AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se on an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeks a stay to permit exhaustion of newly discovered unexhausted claims. ECF No. 13. Respondent has not responded to the motion and is therefore deemed to be unopposed to the requested stay.

Petitioner challenges her conviction and sentence on three grounds, all of which she asserts have been exhausted in state court. ECF No. 1 at 12. On August 3, 2017, petitioner filed a motion for stay under Rhines v. Weber, 544 U.S. 269 (2005), in order to exhaust additional claims. ECF No. 11. However, because the motion did not address the three factors necessary for granting a Rhines stay, the motion was denied without prejudice. ECF No. 12. Petitioner was advised of her options for obtaining a stay under Rhines or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), or of proceeding on the petition as is, and was ordered to inform the court how she wished to proceed in light of her representation that the current petition was fully exhausted. Id.

1

In directing petitioner to notify the court how she would like to proceed, Petitioner was also advised of the procedures for and consequences of requesting a stay under Rhines or Kelly, and of the possible consequences of proceeding without a stay. Id. at 1-2, 3.

Petitioner has now filed a motion for stay and abeyance under Kelly so that she can exhaust her newly discovered claims in state court. ECF No. 13. A stay pursuant to Kelly stays only a fully exhausted petition, does not require a showing of good cause, and does not guarantee the timeliness of claims that are exhausted in the future and then presented to this court. King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009). In recommending that petitioner's request for a stay be granted, the court expresses no opinion as to whether petitioner's currently unexhausted claims will be timely once exhausted and brought in this court.

If the recommendation to grant the motion for stay is adopted, petitioner will be required to provide the court with regular status updates. Furthermore, once petitioner receives an order from the California Supreme Court exhausting her additional claims, she will need to notify this court within thirty days and file an amended petition. The amended petition should include all of petitioner's exhausted grounds for relief, both those included in the present petition and those that are newly exhausted.

The case will be administratively closed while the case is stayed and will be re-opened once petitioner notifies the court that she has exhausted her claims in state court. Petitioner should continue to use this case name and number when filing documents related to this case, including when she files status reports and notifies the court that her claims have been exhausted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), (ECF No. 13) be granted;

2. Petitioner be directed to immediately proceed to exhaust her state remedies;

3. Petitioner be directed to file a case status report every sixty days, advising the court of the progress of her state habeas petition;

4. Petitioner be directed that within thirty days of a decision by the state's highest court exhausting her new claims she must notify this court of the decision and at that time request a lift

of the stay and file an amended petition setting forth all of her exhausted claims; and

    5. The Clerk of the Court be directed to administratively close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 2, 2017

                              /s/ Allison Claire
                              ALLISON CLAIRE
                              UNITED STATES MAGISTRATE JUDGE