UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN BIGOSKI ODOM,<br><br>    Petitioner,<br><br>    v.<br><br>D.G. ADAMS, Warden,<br><br>    Respondent. | No. 2:17-cv-0233 JAM AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The action proceeds on the first amended petition filed on January 2, 2019,[1] which challenges petitioner's 2013 conviction for torture and first-degree murder, with special circumstances of kidnapping with intent to kill and intentional murder involving the infliction of torture. ECF No. 25-1 at 1; ECF No. 27-1 at 9.

    I.   Factual and Procedural Background

        A.   Direct Review

    Petitioner appealed her conviction to the California Court of Appeal, First Appellate

---

[1] Because petitioner is a prisoner proceeding pro se, she is entitled to the benefit of the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing). However, the first amended petition was not dated, so the court must rely on the date the petition was received by the Clerk of the Court.

1

District raising five grounds for relief. ECF No. 25-1 at 16-122. The Court of Appeal modified the judgment to add one additional day of custody credit—thereby granting the relief requested in the fifth claim—and otherwise affirmed the judgment as modified on January 26, 2016. ECF No. 27-1 at 2-25. Petitioner then proceeded to file a petition for review in the California Supreme Court, which contained only two of the five original claims. ECF No. 27-1 at 27-51. Review was subsequently denied on April 20, 2016. ECF No. 27-1 at 81. Petitioner did not petition the United States Supreme Court for certiorari. ECF No. 25-1 at 3.

### B. State Habeas Petition

While her direct appeal was pending, petitioner filed two pro se petitions for writ of habeas corpus in the Solano County Superior Court. ECF No. 25 at 18. One petition was denied on August 25, 2014, while the other was denied on November 19, 2014. Id.

Petitioner's next pro se state habeas petition was filed with the Solano County Superior Court on December 15, 2017.[2] ECF No. 27-1 at 83. The petition was denied on February 7, 2018. Id. at 83-88.

Petitioner proceeded to file a pro se petition for writ of habeas corpus in the Court of Appeal, First Appellate District (id. at 90-258), which was denied on May 10, 2018 (id. at 260).

Petitioner then filed a pro se petition for writ of habeas corpus in the California Supreme Court, which was denied without comment on November 2, 2018. ECF No. 25 at 2.

### C. Federal Habeas Petition

On January 26, 2017, Petitioner filed her original habeas application in this court raising four grounds for relief. ECF No. 1. Before any briefing on the claims took place, Petitioner moved for and was granted a stay under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), in order to exhaust additional claims. ECF Nos. 13, 15. After the stay was lifted, Petitioner filed an amended petition on January 2, 2019. ECF No. 25. As originally filed, the amended petition merely supplemented the original petition, rather than standing on its own. However, due to the

---

[2] Neither party has provided a copy of the petition, and respondent instead relies on the information contained in the superior court's order denying the petition for the filing date. However, petitioner has affirmed that the dates her petitions were filed and denied, as identified by respondent, appear accurate. ECF No. 29 at 1.

length of both petitions, the court did not require Petitioner to file a single amended petition that contained all of her claims. Instead, the Clerk of the Court was directed to attach the original petition to the first amended petition. ECF No. 26. As a result, the amended petition contained seven claims for relief—the four claims contained in the original petition, plus three additional claims. ECF No. 25. Thus, Claims One through Four of the original petition make up Claims One through Four of the first amended petition (ECF No. 25-1), while the new claims added by the supplemental petition will hereafter be referred to as Claims Five, Six, and Seven (ECF No. 25).

After being ordered to respond to the amended petition as construed by the court (ECF No. 26), respondent filed a motion to dismiss arguing that Claims Two and Four are unexhausted, while Claims Five through Seven are procedurally defaulted because they were denied as untimely in state court. ECF No. 27. Petitioner opposes the motion. ECF No. 29. In his reply, respondent concedes that Claims Five through Seven were not denied as untimely in state court and offers alternate grounds for dismissing the claims.[3] ECF No. 30. Petitioner filed a sur-reply addressing the new arguments. ECF No. 31.

II. Motion to Dismiss

Respondent has moved to dismiss Claims Two and Four as unexhausted, Claims Five and Six as procedurally barred as successive, and Claim Seven as untimely. ECF Nos. 27, 30.

A. Exhaustion

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus unless "there is an absence of available State corrective process" or circumstances make the process ineffective to protect a petitioner's rights. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[4] A waiver of exhaustion, thus, may not be implied or inferred. This

---

[3] Rather than reviewing the actual state court order, respondent relied on the information provided on the California Court of Appeal's online docket. ECF No. 30 at 3. However, the docket entry incorrectly reflected that the petition had been dismissed as untimely, leading to respondent's faulty argument. Id.

[4] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

3

requirement "gives states 'the first opportunity to address and correct alleged violations of state prisoner's federal rights.'" Wooten v. Kirkland, 540 F.3d 1019, 1023 (9th Cir. 2008) (quoting Coleman v. Thompson, 501 U.S. 722, 731 (1991)). In order "[t]o exhaust a constitutional claim, the claim must be 'fairly present[ed]' in state court to provide the state courts an opportunity to act on them." Dickens v. Ryan, 740 F.3d 1302, 1318 (9th Cir. 2014) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) (second alteration in original). Exhaustion also requires that federal claims are presented to "each appropriate state court," Wooten, 540 F.3d at 1025 (citing Baldwin v. Reese, 541 U.S. 27, 29 (2004), including discretionary review by the state's highest court, O'Sullivan v. Boerckel, 526 U.S. 838, 845, 848 (1999).

Respondent asserts that Claims Two and Four have not been exhausted because they have never been presented to the California Supreme Court. ECF No. 27 at 2-4; ECF No. 30 at 2-3. Petitioner argues that Claims Two and Four are exhausted because they were advanced by her appellate attorney and it is not her fault if he did not present them to the state supreme court. ECF No. 29 at 1-2; ECF No. 31 at 1-2. She argues that she should not be prejudiced by counsel's failure, and that her petition should be construed liberally because she is a pro se prisoner. ECF No. 29 at 2; ECF No. 31 at 2. Petitioner further contends that, if the court finds that the claims are unexhausted, there was both "good cause and actual prejudice" due to ineffective assistance of appellate counsel that should excuse the default. ECF No. 29 at 2; ECF No. 31 at 2-3. She also argues that because there was no intervening United States Supreme Court decision specifically addressing her claims after the denial of her petition by the court of appeal, bringing the claims to the California Supreme Court would have been futile because they would have simply been denied. Id. at 3.

When petitioner appealed her conviction to the First District Court of Appeal, her appeal contained five claims for relief. ECF No. 25-1 at 16-122. These same grounds for relief make up Claims One through Four of the federal habeas petition because petitioner simply attached her direct appeal to her federal application.[5] Id. Claim One argues that there was insufficient

---

[5] Although the federal petition included the fifth claim that petitioner was entitled to an (continued)

4

evidence of intent to kill or specific intent to inflict extreme and prolonged pain to support the torture conviction and the finding of the torture special circumstance. Id. at 40-57, 77-85, 106-13, 119-21. Claims Two and Three both allege instructional error on the part of the trial court: Claim Two argues instructional error in regard to the kidnapping special circumstance, while Claim Three argues instructional error in regard to the torture special circumstance. Id. at 57-67, 85-97, 113-18. Finally, Claim Four argues that if any instructional error was deemed forfeited, that it was due to trial counsel's ineffective assistance. Id. at 67-72.

The petition for review to the California Supreme Court sought review of only Claims One and Three from the appeal.[6] ECF No. 27-1 at 32-51. The petition for review therefore exhausted only Claims One and Three of the federal petition. It further appears that petitioner's state habeas petition contained only Claims Five, Six, and Seven of her first amended petition.[7] Because Claims Two and Four were presented to the state supreme court neither in the petition for direct review nor in the state habeas petition, those claims are unexhausted.

Petitioner's argument that, despite the lack of exhaustion, the claims should be allowed because she can show cause and prejudice due to the ineffective assistance of her appellate counsel appears to be a claim for anticipatory procedural default. ECF No. 29 at 2; ECF No. 31 at 2-3. Procedural default occurs when a state judgement "rests on independent and adequate state procedural grounds." Coleman, 501 U.S. at 730 (citations omitted). Thus, a federal court may not "review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgement." Id. at 729 (citations omitted). State procedural default also occurs "if state

---

additional day of actual credits (ECF No. 25-1 at 72-73), the issue is moot because the state court has already granted the requested relief (id. at 147).

[6] Claim One of the state court appeal was split into two claims for relief in the petition for review.

[7] Neither respondent nor petitioner has provided Petitioner's California Supreme Court petition for writ of habeas corpus. However, respondent has provided a copy of the petition for writ of habeas corpus filed in the California Court of Appeal, First Appellate District (ECF No. 27-1 at 90-258), which, minus the state habeas form, is identical to Claims Five, Six, and Seven of the first amended petition (ECF No. 25). Petitioner's opposition and sur-reply further confirm that she did not pursue the claims from her direct appeal in state court on her own because she had relied upon her attorney to do so. ECF No. 29 at 1-2; ECF No. 31 at 1-3.

procedural rules would now bar the petitioner from bringing the claim in state court." Dickens, 740 F.3d at 1317 (citing Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002)); see also O'Sullivan, 526 U.S. at 848 (holding that petitioner's failure to file claims in state supreme court resulted in procedural default because the claims were now time-barred).

Even if the court assumes that Claims Two and Four would now be procedurally defaulted, petitioner cannot show cause to overcome the bar. Petitioner argues that the ineffective assistance of her appellate counsel provides the necessary cause to overcome procedural default. ECF No. 29 at 2; ECF No. 31 at 2-3. However, "'[a] claim of ineffective assistance' . . . generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" Edwards v. Carpenter, 529 U.S. 446, 452 (2000) (quoting Murray v. Carrier, 477 U.S. 478, 489 (1986)). There is no evidence that Petitioner has done so.

While petitioner has raised a claim of ineffective assistance of appellate counsel in Claim Seven of the amended petition, and the court assumes that claim was presented to the California Supreme Court, it does not allege that counsel was ineffective for failing to exhaust Claims Two and Four. Instead, Claim Seven asserts that appellate counsel provided ineffective assistance because he (1) did not raise a claim of ineffective assistance of trial counsel based on a failure to investigate, (2) did not present newly available evidence about the competence of the prosecution's expert pathologist, and (3) failed to file a request to submit a supplemental brief arguing a new rule of law regarding the felony-murder aider and abettor special circumstance. ECF No. 25 at 147-52. There is no indication that petitioner raised any other claims of appellate ineffective assistance in the California Supreme Court. Accordingly, she may not rely on such ineffectiveness to overcome the procedural default of Claims Two and Four.

Petitioner lastly argues that, because there was no intervening decision by the United States Supreme Court, presenting the claims to the California Supreme Court would have been futile because it would have just denied her claims for the same reason as the court of appeal. ECF No. 31 at 3 (citing Lynce v. Mathis, 519 U.S. 433, 436 n.4 (1997)). In Lynce, the United States Supreme Court noted in dicta that exhaustion would have been futile because the state

supreme court had already decided the discrete issue petitioner was presenting, and there was no indication that the state courts would have decided petitioner's case any differently. Lynce, 519 U.S. at 436 n.4. Petitioner's conclusory assertion that filing a petition with the California Supreme Court would have been futile is not sufficient to demonstrate that she falls within the exception to exhaustion referenced in the Lynce footnote. The U.S. Supreme Court has never created a general exception to the exhaustion requirement for claims unlikely to succeed in light of precedent. Such an exception would almost wholly swallow the rule.

Petitioner requests that in the event the court find Claims Two and Four to be unexhausted, she be granted a stay to enable her to return to state court to exhaust the claims. ECF No. 31 at 3. This request will be denied. Petitioner has already been granted one stay to exhaust claims and has not demonstrated good cause to support a second stay of this case.

### B. Statute of Limitations

Respondent argues that Claim Seven of the first amended petition is untimely and does not relate back to the original habeas petition, and thus is barred by the statute of limitations. ECF No. 30 at 5-6. While Respondent has not raised this argument as to the fifth and sixth claims, it is equally applicable. Day v. McDonough, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."). Petitioner argues that Claim Seven is not untimely because the statute of limitations did not expire until October 19, 2017, and she moved for and was granted a stay of the proceedings prior to that date. ECF No. 31 at 5-6.

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. This statute of limitations applies to habeas petitions filed after April 24, 1996, when the Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect. Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005) (citation omitted). The one-year period commences from one of several alternative triggering dates. 28 U.S.C. § 2244(d)(1). In this case, the applicable date is that "on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

7

In the present case, the California Supreme Court issued its ruling on Petitioner's petition for review on April 20, 2016. ECF 27-1 at 81. Thus, the judgement became final on July 19, 2016, at the expiration of the ninety-day period to seek certiorari immediately following the decision of the state's highest court. Clay v. United States, 537 U.S. 522, 528 n.3 (2003) (citations omitted); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The AEDPA's one-year clock began on July 20, 2016. Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (the day order or judgment becomes final is excluded and time begins to run the day after the judgment becomes final (citing Fed. R. Civ. P. 6(a))). Absent tolling, Petitioner had until July 19, 2017, to file a timely federal habeas corpus petition, and Petitioner "bears the burden of proving that the statute of limitation was tolled." Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010) (citing Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002)).

      i.    Kelly Stay

On November 2, 2017, Petitioner was granted a stay and abeyance pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), in order for her to pursue additional, then unexhausted claims in state court before adding them to her federal habeas petition. ECF No. 15. Petitioner filed an amended petition adding the newly exhausted claims (Claims Five, Six, and Seven) on January 2, 2019. ECF No. 25.

Under Kelly, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070-71). However, "[a] petitioner seeking to use the Kelly procedure will be able to amend [her] unexhausted claims back into [her] federal petition once [s]he has exhausted them *only* if those claims are determined to be timely." Id. at 1140-41 (emphasis added). Thus, "the Kelly procedure . . . does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." Id. at 1141. Furthermore, "a properly filed federal habeas petition does not toll the limitation period" for claims not contained within that petition. Duncan v. Walker, 533 U.S. 167, 172 (2001). Accordingly, Petitioner's stay

////

////

and abeyance pursuant to Kelly did not toll the statute of limitations and protect Claims Five, Six, and Seven from untimeliness.[8]

### ii. Statutory Tolling

The statute of limitations may be tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending." 28 U.S.C. § 2244(d)(2). The pendency of a federal habeas petition does not statutorily toll the limitations period. Duncan, 533 U.S. at 181-82. Neither is the statute of limitations "tolled from the time when a direct state appeal becomes final to the time when the first state habeas petition is filed because there is nothing 'pending' during that interval." Cross v. Sisto, 676 F.3d 1172, 1179 (9th Cir. 2012) (citation omitted).

Petitioner's first two state habeas petitions were filed and denied before her conviction became final—one on August 25, 2014, and the other on November 19, 2014. ECF No. 25 at 18. Neither of these can act to toll the statute of limitations. Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (petition denied before statute of limitations began to run "had no effect on the timeliness of the ultimate federal filing"); see also Pough v. Marshall, 470 F. App'x 567, 568 (9th Cir. 2012) (petition filed before limitations period began did not toll statute of limitations because petition was not pending during time the statute of limitations was running). Petitioner's third state habeas petition was filed in the Solano County Superior Court on December 15, 2017— nearly five months after the statute of limitations had expired.[9] ECF No. 27-1 at 83. Since state habeas petitions filed after the one-year statute of limitations has expired do not revive the statute

---

[8] The court notes that petitioner originally requested a stay under Rhines v. Weber, 544 U.S. 269 (2005). ECF No. 10. Under Rhines, a petitioner may stay a mixed petition (one containing both exhausted and unexhausted claims), and thereby preserve the federal filing date for any unexhausted claims contained in the petition. Mena v. Long, 813 F.3d 907, 910 (9th Cir. 2016) (citing Rhines, 544 U.S. at 275-77). Because petitioner represented that the original petition was fully exhausted, the motion for a Rhines stay was denied without prejudice. ECF No. 11. Although she was given an opportunity to file an amended petition containing her unexhausted claims and then move for a stay under Rhines, petitioner opted to seek a stay under Kelly. ECF No. 13.

[9] Although petitioner argues that the statute of limitations did not expire until October 19, 2017, she does not explain how she calculated this date. ECF No. 31 at 6. It appears that she may have added an additional ninety days to the actual end of her limitations period, which was July 19, 2017.

of limitations and have no tolling effect, Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003), neither the December 2017 petition, nor any of the subsequently filed petitions acted to toll the statute of limitations.

For the reasons explained above, neither petitioner's state nor federal habeas petitions entitle her to statutory tolling. Claims Five, Six, and Seven remain untimely unless petitioner is entitled to equitable tolling.

### iii. Equitable Tolling

As "the AEDPA statute of limitations defense . . . is not jurisdictional," it is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645-46 (2010) (citations and internal quotation marks omitted). In order to receive equitable tolling under AEDPA, a litigant must establish "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted).

Petitioner has not shown that she is eligible for equitable tolling because she has not demonstrated any "extraordinary circumstances" that prevented her from filing Claims Five, Six, and Seven in a timely manner. Instead, she makes a conclusory assertion that she is entitled to equitable tolling "in the interests of justice." ECF No. 31 at 6. To the extent plaintiff is referring to her pro se status, this does not meet the standard of extraordinary circumstances. Roy v. Lampert, 465 F.3d 964, 970 (9th Cir. 2006) ("It is clear that *pro se* status, on its own, is not enough to warrant equitable tolling." (citation omitted)). Thus, claims Five, Six, and Seven of petitioner's first amended petition are not entitled to equitable tolling.

### iv. Relation Back

If a federal habeas petition is amended to add a claim that would be untimely, the petitioner may still be able to add the claim "if the new claim shares a 'common core of operative facts' with the claims in the pending petition." King, 564 F.3d at 1141 (quoting Mayle v. Felix, 545 U.S. 644, 659 (2005)). A new claim will not be found to "'relate back' to the filing of an exhausted petition simply because it arises from 'the same trial, conviction, or sentence.'" Id. (quoting Mayle, 545 U.S. at 662-64). Further, a claim does not relate back if it "asserts a new

ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle, 545 U.S. at 648, 650 (holding that a claim that challenges a pretrial event and a claim that challenges a trial event do not arise from a common core of operative facts); see also Hebner v. McGrath, 543 F.3d 1133, 1139 (9th Cir. 2008) (holding that a claim related to evidence admitted at trial and a claim related to jury instructions after the close of evidence "depend[ed] upon separate transactions and d[id] not share a common core of operative fact"); United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005) ("[A] petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based on an entirely distinct type of attorney misfeasance."); United States v. Duffus, 174 F.3d 333, 337-38 (3d Cir. 1999) (claim of ineffective assistance of counsel for failing to move to suppress evidence did not relate back to claim of ineffective assistance of counsel for failing to contend on appeal that evidence was insufficient to support conviction).

In order to "relate back," petitioner's fifth, sixth, and seventh claims must come from the same "common core of operative facts" as the claims in the original petition. As addressed below, petitioner's new claims do not relate back to the original petition even if the court considers unexhausted Claims Two and Four in addition to Claims One and Three.

In Claim One, petitioner argues that there was insufficient evidence that she had the specific intent to inflict extreme and prolonged pain or that she had intent to kill while inflicting the torturous injuries in order to support her torture conviction or the torture special circumstance. ECF No. 25-1 at 40-57, 77-85, 106-13, 119-21. Claim Two asserts that the trial court erred when it instructed the jury it only had to find petitioner acted with reckless disregard to human life in order to find the kidnapping special circumstance true. Id. at 57-64, 92-97. In Claim Three, petitioner argues that the trial court erred when it failed to instruct the jury that the torture special circumstance could be found true only if she had a specific intent to kill when she inflicted the torture. Id. at 64-67, 85-92, 113-18. Finally, Claim Four alleges that trial counsel provided ineffective assistance to the extent any instructional error outlined in Claims Two and Three was deemed forfeited. Id. at 67-72.

Petitioner argues in Claim Five that trial counsel rendered ineffective assistance by failing to conduct an adequate pretrial investigation and failing to present a meritorious defense. ECF No. 25 at 19-26. Specifically, she claims that trial counsel failed to present a medical study that corroborated her expert's testimony and failed to present evidence of petitioner's medical history demonstrating that she was physically incapable of causing the injury she was charged with, had a brain injury that prevented her from forming the requisite intent, and was voluntarily intoxicated during the crime and later questioning, leaving her unable to form the required intent or make an informed decision to waive her Miranda rights. Id. Petitioner's claim about ineffective assistance of trial counsel in relation to the investigation and presentation of evidence does not relate back to the same "common core of operative facts" as any of her four original claims. Although Claim One alleges that there was insufficient evidence to support the torture special circumstance and conviction, Claim Five is about trial counsel's failure to investigate and present additional evidence regarding petitioner's innocence. In other words, one claim looks at the evidence actually presented while the other looks at the evidence petitioner believes should have been presented. Claim Five therefore does not relate back to petitioner's original habeas petition.

In Claim Six, petitioner argues that the prosecutor at her trial committed misconduct by knowingly allowing a witness to provide false and perjured testimony and failing to correct that testimony. Id. at 76-85. This claim is similarly unrelated to petitioner's original federal habeas petition. Petitioner did not raise any claims regarding prosecutorial misconduct or false testimony by a witness in her original petition, and this claim does not arise from a common core of operative facts and therefore does not relate back to the original petition.

Finally, in Claim Seven, petitioner argues that her appellate counsel provided ineffective assistance of counsel because he did not raise a claim of ineffective assistance of trial counsel as described in Claim Five, he did not raise a claim related to newly available evidence that the prosecution's expert pathologist had been removed from her position due to incompetence, and he failed to file a request to submit a supplemental brief based on a new rule of law regarding felony-murder. Id. at 147-52. However, petitioner did not raise any claims regarding her appellate counsel's assistance in her original petition. Nor did she raise issues related to the

failure to present specific evidence or a change in the applicable law. This claim therefore does not arise from a common core of operative facts and does not relate back to the original petition.

### C. Conclusion

For the reasons explained above, Claims Two, Four, Five, Six, and Seven of Petitioner's first amended petition should be dismissed, and the case should proceed on Claims One and Three.

## III. Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that Claims Two and Four be dismissed as unexhausted. Even if the claims had been procedurally defaulted, you cannot show cause because you have not exhausted your claim of ineffective assistance of counsel. It is being recommended that your new claims (Claims Five, Six, and Seven) be dismissed because they were filed after the one-year federal statute of limitations expired, and you have not shown that you should get tolling or that the claims are related to the claims in the original petition.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's request for a stay (ECF No. 31 at 3) be DENIED;

2. Respondent's motion to dismiss (ECF No. 27) be GRANTED;

3. Claims Two and Four of the first amended petition be dismissed without prejudice as unexhausted;

4. Claims Five, Six, and Seven of the first amended petition be dismissed as untimely; and

5. Respondent be directed to file a response to Claims One and Three of the first amended petition within sixty days from the date of this order. See Rule 4, 28 U.S.C. foll. § 2254. An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition. See Rule 5, 28 U.S.C. foll. § 2254. Petitioner's reply, if any, shall be filed and served within thirty days after service of the answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 4, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE