UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN BIGOSKI ODOM,<br><br>    Petitioner,<br><br>    v.<br><br>D.G. ADAMS,<br><br>    Respondent. | No. 2:17-cv-0233 JAM AC P<br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a request to expand the record and add additional facts, ECF No. 48, which the court construes as a motion for clarification.

In her request, petitioner states that she would like to file additional documents related to her conviction for torture, including new evidence, but is unsure what steps she needs to take in order to do so properly. ECF No. 48. It is unclear whether petitioner is seeking to simply add additional documents in support of her petition or whether she is also seeking to file a late traverse or amend the petition. If petitioner is seeking to file a late traverse or to amend the petition, she must file a motion for leave that includes a copy of the proposed traverse or amended petition and explains her delay in filing. Any proposed amendments would be subject to the timeliness and exhaustion rules. See, generally, Mayle v. Felix, 545 U.S. 644, 654-55 (2005) (timeliness of amendments); § 2254(b)(1)(A) (exhaustion requirement).

////

1

If petitioner is simply seeking to submit additional exhibits to support her petition, she may do so. Such documents should be clearly labeled as exhibits to the petition and should include an index or table of contents. Petitioner is informed, however, that in reviewing her claims this court may be limited in the first instance to consideration of whatever exhibits and documents were before the state courts when they ruled on her claims. See 28 U.S.C. § 2254(d)(1)&(2); Cullen v. Pinholster, 563 U.S. 170, 181-182 (2011). In most cases, evidence presented for the first time in federal court can only be considered if this court first concludes that the state court decision was objectively unreasonable. Id. If that happens, the court may then—under certain circumstances—expand the record with additional evidence or order an evidentiary hearing. Rule 7, Rules Governing Section 2254 Cases (Expanding the Record); 28 U.S.C. § 2254(e)(1)&(2) (evidentiary hearings). The undersigned expresses no opinion on whether such evidentiary development might be appropriate in this case. Petitioner is free to file additional exhibits, but whether the court may consider them remains to be determined. Because the court has not yet conducted § 2254(d) review, a motion for expansion of the record under Habeas Rule 7 is premature.

Petitioner's present request also states that the docket reflects she was mailed an "Order on Motion for Miscellaneous Relief" on July 28, 2020, but that she does not know what that is or whether she received a copy. The docket entry is referring to the July 28, 2020 order granting petitioner's request to use the arguments in the petition and appeal brief as her traverse and deeming the petition submitted. ECF No. 45.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for clarification, ECF No. 48, is GRANTED to the extent set forth above.

DATED: February 3, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE