UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN BIGOSKI ODOM, | No. 2:17-cv-0233 TLN AC P |
| Petitioner, | |
| v. | ORDER |
| D.G. ADAMS, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently before the court are petitioner's motions for counsel, to substitute respondent, and for clarification.[1] ECF Nos. 56, 57, 60.

I. Motion for Appointment of Counsel

Petitioner has requested the appointment of counsel. ECF No. 56. There currently exists no absolute right to appointment of counsel in habeas proceedings. Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A(a)(2) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." Because the petition is fully briefed and submitted for decision, see ECF No. 45, there is no action for counsel to take t this time. The court therefore does not find that the interests of justice would be served by the appointment of counsel.

---

[1] Petitioner's fully briefed petition will be addressed in due course.

1

II.     Motion to Substitute

Petitioner has filed a motion to substitute the current warden of Central California Women's Facility as the respondent in this case. ECF No. 57. The motion will be granted and the Clerk of the Court will be directed to update the docket accordingly.

III.    Motion for Clarification

Petitioner has filed a motion for clarification in which she asks whether California Penal Code § 1473 applies to this petition, specifically with respect to the torture conviction and torture special circumstance, and whether she would be required to bring a new habeas petition in state court. ECF No. 60. She also seeks clarification as to what her claims in Counts Two and Four were, why they were unexhausted, and whether she can file them now. Id. The court cannot give legal advice, but will provide the following information.

After respondent's motion to dismiss was granted, this case proceeded on Claims One and Three of the first amended petition only. ECF No. 36. Claim One argued that there was insufficient evidence that petitioner had the specific intent to inflict extreme and prolonged pain or that she had intent to kill while inflicting the torturous injuries, as needed to support her torture conviction and the torture special circumstance. ECF No. 25-1 at 40-57, 77-85, 106-13, 119-21. Claim Three argued that the trial court erred when it failed to instruct the jury that the torture special circumstance could be found true only if she had a specific intent to kill when she inflicted the torture. Id. at 64-67, 85-92, 113-18. No other claims are pending before this court.

With respect to Counts Two and Four, they were dismissed as unexhausted because at the time of respondent's motion to dismiss, they had not been presented to the California Supreme Court. See ECF No. 32 at 3-7. Claim Two asserted that the trial court erred when it instructed the jury it only had to find petitioner acted with reckless disregard to human life in order to find the kidnapping special circumstance true (ECF No. 25-1 at 57-64, 92-97), while Claim Four alleged that trial counsel provided ineffective assistance to the extent any instructional error outlined in Claims Two and Three were deemed forfeited (id. at 67-72). Petitioner presents no evidence that these claims have since been exhausted, nor does it appear from the California

Supreme Court's website that petitioner has exhausted these claims.[2]

With respect to petitioner's request for clarification as to whether California Penal Code § 1473 applies to this petition, she is advised that a petitioner may seek federal habeas relief from a state-court conviction or sentence "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Habeas relief is not available for state law errors of any kind. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." (citation omitted)); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (habeas relief "is unavailable for alleged error in the interpretation or application of state law" (citation omitted)). Matters relating solely to the interpretation or application of state law are not cognizable on federal habeas review. Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law." (citations omitted)). To the extent petitioner is seeking legal advice regarding whether and how to pursue additional claims, the court is unable to provide such advice and the request for clarification will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for appointment of counsel (ECF No. 56) is DENIED.

2. Petitioner's motion to substitute (ECF No. 57) is GRANTED. Anissa De La Cruz, the acting warden at Central California Women's Facility, is substituted as respondent and the Clerk of the Court is directed to update the docket accordingly.

////

---

[2] A search of the California Supreme Court's docket reflects that petitioner has filed one additional petition for review since Claims Two and Four were dismissed as unexhausted. The petition appears to have sought review of the denial of petitioner's motion for resentencing under California Penal Code § 1170.95. See Case Summary for California Supreme Court Case No. S267879, https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=2344781&doc_no=S267879&request_token=NiIwLSEmLkw2W1BJSCM9TEhJQEA0UDxTJSMuJz1RICAgCg%3D%3D [https://perma.cc/EF8Q-HTCC]. The court takes judicial notice of these facts. See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (the court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citations omitted); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

3. Petitioner's motion for clarification (ECF No. 60) is GRANTED to the extent clarification has been provided above and otherwise DENIED.

DATED: September 28, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE